IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LESLIE ROTH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV558 |
| | ) | |
| v. | ) | |
| | ) | |
| GARY WIESE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the parties' joint oral motion, this case is removed the court's accelerated docket and the following progression schedule entered.

IT IS ORDERED:

1. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than thirty (30) days prior to the date set for completion of depositions. See NECivR 56.1 and 7.1. In the statements of uncontroverted fact included in the parties' briefs related to such motion, each such uncontroverted fact shall be referenced to the element(s) of the claim or defense to which it relates.

2. **Motions to compel discovery** shall be filed not later than thirty (30) days prior to the date set for completion of depositions as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions to compel discovery until the date set for completion of depositions. Counsel are reminded of the provisions of NECivR 7.1(i).

3. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **July 31, 2005.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order.

4. **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: A description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates they

received them; (f) the document's present location and the identity and position of its custodian; (g) the specific reason or reasons why it has been withheld from production or disclosure.

5. **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall, as soon as practicable but not later than sixty (60) days prior to the date set for the completion of depositions, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than thirty (30) days prior to the date set for the completion of depositions. If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses not later than fifteen (15) days prior to the date set for completion of depositions, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) **and** makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). <u>The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph</u>.

6. **Pretrial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall file the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

    **a. <u>Nonexpert Witnesses</u> - (thirty (30) days prior to the date set as the deposition deadline):** The name, address and telephone number[2] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    **b. <u>Deposition Testimony and Discovery</u> - (five (5) working days before the final pretrial conference):** The portions of each deposition, designated by page and line, that it intends to offer, and each discovery response of another party it intends to offer, if not solely for impeachment.

---

[1] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" pursuant to Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

[2] In accordance with the E-Government Act, counsel shall, on the witness list filed with the court, redact the home addresses and phone numbers of witnesses, but shall serve an unredacted version on opposing parties.

    **c. Trial Exhibits - (five (5) working days before the final pretrial conference):** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

**Waiver of Objections**: Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, <u>including any objection pursuant to F.R.Civ.P. 32(a) that a deponent is available to testify at the trial</u> shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

    7. **Motions in Limine.**

    a. If the proponent or opponent of expert testimony believes that evidence must be presented under Fed. Rule Evid. 104(a) OUTSIDE THE PRESENCE OF THE JURY in order to secure or contest the admission of expert testimony at trial, *See, Kumho Tire Co., Ltd. v. Carmichael*, 119 S. Ct. 1167 (1999), *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993),the proponent or opponent shall file an appropriate motion *in limine* and request such a hearing no later than five (5) working days following the deadline for completion of depositions, in the absence of which any right to request such a hearing shall be deemed waived.

    b. Any **other** motions *in limine* shall be filed on or before the date of the final pretrial conference.

    8 **The Final Pretrial Conference** with the undersigned magistrate judge is set for **August 18, 2005 at 1:00 p.m.** in the chambers of the Special Proceedings courtroom Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[3] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. <u>Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences</u>.

    9. Not later than two weeks prior to trial, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal. Defendant or

---

[3] Again, home addresses and phone numbers should be redacted from the public version of the order and/or attachments filed with the clerk.

defendant's counsel shall respond in writing to such proposal not later than one week before trial. Notice of any settlement shall be given to Judge Riley's office as soon as practicable but in any event in time to avoid summoning a jury.  <u>If a case settles and notice of settlement is not given to the judicial assistant for Judge Riley in sufficient time to avoid summoning a jury, assessment of jury costs will normally be made against one or more of the following:  (1) a plaintiff; (2) a defendant, and/or (3) counsel for one or more of the parties.  For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.  In no event shall this paragraph be construed to require Judge Riley to accept an untimely settlement.</u>

      10.  **Trial** is set to commence, at the court's call, during the week of **August 22, 2005**, in Omaha, Nebraska, before the Honorable William Riley, United States Circuit Judge.  Unless otherwise ordered, jury selection shall be at the commencement of trial.

      11.  **Motions to alter dates**.  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates.  Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

      DATED April 19, 2005.

                                    BY THE COURT

                                    s/ *David L. Piester*

                                    David L. Piester
                                    United States Magistrate Judge