IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LESLIE ROTH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04 CV 558 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| GARY WIESE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

The parties have jointly moved for a continuance of the trial setting in this case, stating that additional discovery is needed. NECivR 6.1(a)(2) requires a showing of good cause in order to justify a continuance or enlargement of time. The failure to complete planned discovery is not good cause. The motion must be denied.

Also before the court is the defendant's motion for protective order or to quash notice of subpoena, filing 31, filed August 3, 2005. The motion refers to the plaintiff's notice, filed August 2, 2005, to take the "trial deposition of Susan Tonkin" in Mesa, Arizona on Friday, August 5, 2005. Given the timing, I scheduled a telephone hearing with counsel, held this afternoon, at which I heard the arguments of counsel. I concluded that the time of the notice was insufficient, the deposition period had expired, and the deposition should not be held. See, Filing 15, Paragraph 3 and Fed. R. Civ. P. 26(b)(2)(ii). I therefore made the ruling which appears below. In the event the lawyers are able to agree otherwise, they are welcome to follow their agreement; if they are not otherwise able to agree, this ruling will prevail unless revised by timely motion to reconsider.

IT THEREFORE HEREBY IS ORDERED:

1. The joint motion for continuance, filing 29, is denied.

2. The defendant's motion for protective order or to quash notice of subpoena, filing 31, is granted, and unless otherwise agreed by counsel or ordered by the court, the deposition shall not take place.

DATED August 4, 2005

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge