IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LESLIE ROTH, | ) | |
| | ) | CASE NO. 8:04CV558 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER REGARDING** |
| | ) | **MOTIONS IN LIMINE** |
| GARY WIESE, | ) | |
| | ) | |
| Defendant. | ) | |

Presently before the court are Plaintiff Leslie Roth's (Roth) motion in limine (Filing No. 37) and Defendant Gary Wiese's (Wiese) motion in limine regarding admission of expert testimony at trial (Filing No. 40). On August 22, 2005, the court conducted a hearing on the motions. At the end of the hearing, the court indicated this written ruling would follow. For the reasons set forth below, the court grants Roth's motion in limine and denies Wiese's motion in limine regarding admission of expert testimony at trial.

I.  **BACKGROUND**

The instant action is the third lawsuit between Roth and Wiese. In the first action, Roth sued Wiese in state court, alleging, *inter alia*, that Wiese intentionally inflicted emotional distress upon Roth by harassing her after learning Roth told her father about sexual assaults Wiese had committed on Roth when she was a young girl. The jury awarded Roth $150,000 in damages. Wiese appealed the judgment, and the case is pending now before the Nebraska Court of Appeals.

In the second action, Wiese filed a defamation suit against Roth, alleging Roth slandered, libeled, and placed Wiese in a false light by making statements that Wiese had "raped and had multiple sexual contacts or intercourse with [Roth] during the period of time from 1967 through 1974." Wiese voluntarily dismissed this defamation action.

In the instant action, Roth sued Wiese, alleging Wiese filed the defamation lawsuit against Roth for malicious reasons and without probable cause. Trial in this case is scheduled to begin on August 23, 2005.

II.  ROTH'S MOTION IN LIMINE

Roth moves to exclude from trial all references to the following: (1) the verdict, judgment, outcome, or appeal status of the lawsuit filed in the District Court of Cuming County, Nebraska as Case No. C102-144, entitled Leslie Roth v. Gary Wiese (first lawsuit); and (2) offers of settlement exchanged between the parties. Wiese does not oppose Roths' motion in limine.

A.  **Outcome of the First Lawsuit**

Roth seeks to exclude at trial any evidence of the verdict, judgment, outcome, or appeal status of the first lawsuit, i.e., the action in state court in which Roth sued Wiese for emotional distress and Roth received a $150,000 jury verdict. Roth argues evidence of this first lawsuit is irrelevant, and the only purpose of offering evidence of the first lawsuit is to "diminish of deprecate [the jury's] appreciation for the damages caused by the maliciously prosecuted state court suit."

Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Even relevant evidence, however, may be properly excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Evidence of the *filing* of the first lawsuit is relevant as background evidence, because it may relate temporally to this action, and will assist the jury in fully understanding the issues presented in the instant action. However, evidence of the verdict, judgment, outcome, or appeal status of the first lawsuit is irrelevant and would otherwise serve only to confuse the jury. Wiese has not expressed any particular objection to this part of Roth's motion. Therefore, this portion of Roth's motion in limine is granted.

B.  **Offers of Settlement**

In support of her motion in limine, Roth contends evidence of settlement negotiations generally is inadmissible pursuant to Rule 408 of the Federal Rules of Evidence. Rule 408 provides evidence of furnishing, offering, promising to furnish, accepting, or promising to accept a settlement is not admissible, and evidence of conduct or statements made in

settlement negotiations "is likewise not admissible." Fed. R. Evid. 408. Neither party has suggested any evidence of settlement offers or negotiations is admissible for any other purpose. Id. (noting this exception). Wiese has no objection to this part of the motion. Therefore, this portion of Roth's motion in limine is granted. The court will exclude evidence at trial of the parties' settlement offers and counteroffers.

III.  **WIESE'S MOTION IN LIMINE REGARDING ADMISSION OF EXPERT TESTIMONY AT TRIAL**

In his motion in limine regarding admission of expert testimony at trial, Wiese seeks to exclude at trial the expert testimony of Monica Lazere, MSW, CICSW, CMFT (Ms. Lazere), and David A. Van Dyke, M.D. (Dr. Van Dyke), because their proposed expert testimony does not meet the initial threshold pursuant to the Daubert[1] standard for admissibility. Specifically, Wiese argues "it is left to the determination of the trial judge to evaluate the reliability of [Ms. Lazere's and Dr. Van Dyke's] methodology." Additionally, Wiese argues Ms. Lazere's and Dr. Van Dyke's testimony is irrelevant, because their testimony focuses upon Roth's allegation that Wiese sexually assaulted her from 1967 to 1974, which bears no relevance to establishing Roth's claim of malicious prosecution. (Wiese Br. at 3). In response, Roth argues Wiese's motion in limine "is, in essence little more than a relevance objection in Daubert-clothing."

Rule 702 and Daubert ensure expert testimony is reliable and relevant before being admitted into evidence. The court has a "gatekeeping" obligation to make certain that all testimony admitted under Rule 702 "is not only relevant, but reliable." Daubert, 509 U.S. at 589. The proponent of expert testimony has the burden of establishing its admissibility by a preponderance of proof. Id. at 592 n.10.

The first prong of the Daubert inquiry requires an examination of whether the reasoning or methodology underlying the expert's proffered opinion is reliable. Daubert, 509 U.S. at 590. In its gatekeeper role, the trial court has "substantial latitude to determine whether specific expert testimony is reliable." United States v. Larry Reed & Sons P'ship, 280 F.3d 1212, 1215 (8th Cir. 2002). In determining reliability, the court should consider the following factors, if applicable: (1) whether the expert's reasoning or methodology has been or could be tested; (2) whether the expert's reasoning or methodology has been subject to peer review and publication; (3) the known or potential rate of error; and (4) the level of

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

acceptance of the expert's reasoning or methodology by the relevant professional community. Daubert, 509 U.S. at 593-94.

The second prong of the Daubert analysis involves relevance. Daubert, 509 U.S. at 591. "[A]n expert's testimony need not relate directly to the ultimate issue that is to be resolved by the trier of fact, it only need be relevant to evaluating a factual matter." Smith v. BMW N. Am., Inc., 308 F.3d 913, 919 (8th Cir. 2002) (citation omitted); see also Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998) (experts offering a global understanding of the possible causes of an injury are useful to a jury). Expert testimony also must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039, 1055 (8th Cir. 2000) (quotation omitted). "A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered" for the opinion to be useful to the jury. General Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997). However, doubts regarding usefulness should generally be resolved in favor of admissibility. Clark, 150 F.3d at 915.

The expert opinions of a health care provider who is treating the plaintiff are subject to the same standards of reliability and relevance as the opinions of a healthcare provider who has been retained solely for purposes of litigation. See Turner v. Iowa Fire Equip. Co., 229 F.3d 1202, 1207 (8th Cir. 2000) (holding expert opinion of treating physician is subject to Daubert analysis).

Roth indicates Ms. Lazere and Dr. Van Dyke will testify regarding the emotional distress caused by Wiese's alleged malicious prosecution, the effect of Wiese's alleged malicious prosecution upon Roth's life, and Roth's health care and treatment. (Roth Br. at 5). Wiese does not contest Ms. Lazere and Dr. Van Dyke possess the qualifications to testify as expert under Rule 702, nor does Wiese provide any argument regarding why Ms. Lazere's and Dr. Van Dyke's methodology is unreliable. Thus, the issue of contention between the parties centers on whether Ms. Lazere's and Dr. Van Dyke's expert testimony is relevant.

Ms. Lazere and Dr. Van Dyke are Roth's treating mental health professionals. Their testimony is relevant and probative of Roth's claim of emotional distress caused by Wiese's alleged malicious prosecution. At this time, it is impossible for the court to distinguish what testimony may be relevant to this case and not duplicative of the earlier trial. Further, the evidence, although relevant, does not warrant exclusion for any of the reasons in Federal

Rule of Evidence 403. Therefore, the court denies Wiese's motion in limine to the extent it seeks to exclude Ms. Lazere's and Dr. Van Dyke's expert testimony regarding the cause and extent of Roth's emotional distress caused by Wiese's alleged malicious prosecution.

IV. **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff Leslie Roth's motion in limine (Filing No. 37) is granted.

2. Defendant Gary Wiese's motion in limine regarding admission of expert testimony at trial (Filing No. 40) is denied.

3. The parties are prohibited at trial, in the presence of the jury, from making any comments, statements, eliciting testimony regarding or introducing any evidence ruled inadmissible in this order.

4. Each party has the responsibility of cautioning any witness it calls to testify at trial of the court's order regarding the parties' motions in limine.

5. At trial, the court shall exclude and admit evidence in a manner consistent with this order. However, the court's ruling on a particular motion in limine does not mean that all evidence contemplated by the motion will be admitted or excluded at trial. The court recognizes that, depending upon the testimony and evidence presented at trial, evidence the court previously deemed admissible may be limited or excluded, and excluded evidence may be admitted for a purpose not anticipated at the time of this ruling. Thus, the court will entertain objections on individual proffers as they arise at trial, despite the fact that the proffer falls within the scope of a motion in limine.

Dated this 22nd day of August, 2005.

BY THE COURT:

s/ William Jay Riley
United States Circuit Judge
(Sitting by Designation)